GOULDENER *v.* BRITTAIN *et al.*

(*Nashville,* December Term, 1937.)

Opinion filed April 2, 1938.

BELL, HIBBITTS & RUSSELL, of Nashville, for plaintiff in error.

JOHN T. McCALL, of Nashville, for defendant in error, Ed Brittain; ROBERTS & ROBERTS, of Nashville, for defendant in error, Goodyear Tire & Rubber Co.

MR. JUSTICE COOK delivered the opinion of the Court.

Plaintiff, Gouldener, was struck and injured by the automobile of defendant Goodyear Tire & Rubber Company, driven by its employee, Ed Brittain. The plaintiff left the street car on the south side of Broad and west side of Fifteenth Avenue South about 9:30 P. M., March 23, 1936. He waited for eastbound traffic to pass, then started across the street. When he came to the north side of the northbound street car tracks, the left fender of the car Brittain was driving struck him and he was seriously injured. At that point Broad street is 70 feet wide and it is 29 feet from the north car tracks to the north curb. It was charged, among other grounds of action, that the cause of plaintiff's injury was Brittain's unlawful act in driving near the center of the street in violation of an ordinance that requires automobiles to

keep near the right-hand curb. It is also charged that the Goodyear Tire & Rubber Company was responsible as employer for Brittain's unlawful act.

The trial judge was of the opinion that the *prima facie* case against the Goodyear Tire & Rubber Company made out by proof of registration of the automobile was overcome by proof that Brittain was using the automobile without authority and directed a verdict for the defendant company. The trial judge refused to direct a verdict for Brittain on the ground of plaintiff's alleged contributory negligence, but submitted the issue to the jury and the jury found for Brittain. The plaintiff appealed, and by assignments of error in the Court of Appeals insisted that the judgment of the trial court should be reversed for error in directing the verdict for the Goodyear Tire & Rubber Company, and, as to Brittain, for error in the charge. The Court of Appeals sustained both assignments and reversed as to both defendants.

In disposing of the appeal against defendant Goodyear Tire & Rubber Company, the court applied the rule alluded to in *Frank* v. *Wright*, 140 Tenn., 535, 541, 205 S. W., 434, and applied in *Phillips-Buttorff Mfg. Co.* v. *McAlexander*, 15 Tenn. App., 618, that when a witness is discredited by his own statements, or by other contradictory proof, the issues should go to the jury to determine whether or not the explanatory evidence overcomes the *prima facie* case made out by mere proof of registration. To authorize application of the rule in *Frank* v. *Wright, supra,* and *Phillips-Buttorff Mfg. Co.* v. *McAlexander,* there must be a substantial, not merely a colorable or immaterial, contradiction. Contradictions attributed to the witness Eggleston and the defendant Brittain, upon which the Court of Appeals found that

the question of their credibility should be submitted to the jury, were either colorable or reconcilable.

Mr. M. F. Game was the office manager of the company and had charge of the credit department. Brittain worked in that department under direction of Mr. Game, and the automobile was used for the company's business by employees in Game's department. Brittain, as superintendent of the collection department, under Mr. Game as office manager, was authorized to use the automobile on business, as well as Mr. Game and other employees in Game's department. When the evidence is considered in that view, there are no contradictions between Eggleston and Brittain. Brittain's statement that the automobile was left sometimes at his home, a block and a half from the office, and sometimes at the office, is not contradictory of Mr. Eggleston. The testimony of Eggleston suggests no purpose to falsify. He stated the facts as he knew them, and by his statement it was made to clearly appear that Brittain had no authority to use the automobile outside of business hours and for his own purposes.

The other statement of Brittain referred to as discrediting his testimony is that he was running the automobile within 3 feet of the north rail of the street car track, whereas other witnesses said he was running near the outer car rail. The slight divergence of 3 feet in the estimate of witnesses as to where the car was running cannot be considered as sufficient to discredit the witness under the circumstances shown in this case. Moreover, the statement bears no relation to the question of whether Brittain was authorized to use the automobile of the company for his pleasure and reflects no discredit upon the testimony of Mr. Eggleston, who said Brittain was using it without knowledge or consent.

■ The undisputed proof overcomes the *prima facie* case against the company made out by proof that it is the registered owner and establishes the fact that Brittain was using the car without authority, and the judgment of the Court of Appeals against the Goodyear Tire & Rubber Company is reversed and that of the trial judge sustained.

■ We concur with the Court of Appeals in its reversal of the case against Brittain. It was charged in the declaration that plaintiff's injury was the result of Brittain's negligence in driving near the center of the street in violation of the curb ordinance which provides that vehicles, except when passing a vehicle, shall keep as near the right-hand curb as possible.

The trial judge charged the jury that: "A reasonable and proper interpretation of that ordinance does not require that the defendant drive over in the gutter of the street; of course, that is as near the right hand curb as possible, but the law does not require him to do that. If he drives over on the right hand side of the street so as to avoid coming in contact or having a collision with automobiles driven in the opposite direction, the Court charges you that that is a substantial compliance with the law, and if the defendant was so driving, he would not be guilty of a violation of the ordinance and it would be the duty of the jury to find in his favor under that count of the plaintiff's declaration."

The ordinance was designed to regulate traffic and provide for protection of pedestrains, as well as the users of vehicles. It does not mean that vehicles shall drive over in the gutter, but that the users of vehicles should exercise reasonable care in keeping to the right of the center of the street, not only, as said in the charge, "to avoid

coming in contact or having a collision with automobiles driven in the opposite direction,'' but also to avoid contact with pedestrians that hazard a crossing with right to reasonably rely on observance of the ordinance; and observance of the ordinance would require vehicles to keep conveniently near the curb on their right side. The effect of the court's charge was to relieve defendant Brittain of liability, if the jury found that he was driving on the right so as to avoid coming in contact with automobiles moving in the opposite direction.

The judgment of the Court of Appeals is reversed and that of the trial judge affirmed in the case against Goodyear Tire & Rubber Company, but the Court of Appeals is affirmed in reversing the judgment in favor of Brittain.