IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 7, 2002 Session

## ROBERT MORRIS v. COLUMBIA CONSTRUCTION COMPANY, INC.

**Appeal from the Circuit Court for Maury County**
**No. 8594    Robert L. Jones, Judge**

---

**No. M2002-00503-COA-R3-CV - Filed February 4, 2003**

---

In this suit for retaliatory discharge, Appellant asserts that his filing of a worker's compensation claim was a substantial factor in his employer's decision to terminate him. The trial court granted summary judgment to the employer. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S., and FRANK G. CLEMENT, JR., SP. J., joined.

Donald D. Zuccarello, Nashville, Tennessee, for the appellant, Robert Morris.

James T. DuBois and D. Scott Porch, IV, Columbia, Tennessee, for the appellee, Columbia Construction Company, Inc.

## OPINION

Appellant had been employed by Columbia Construction Company, Inc. as a welder for nearly twelve years prior to his termination on March 11, 1998. Mr. Morris suffered a work-related injury on February 19, 1998. Shortly thereafter, he reported such injury to his supervisor, David Goad, and sought medical treatment. On March 11, 1998, while working at a Nashville job site under the supervision of Mr. Goad, an event occurred after which Appellant was terminated by Mr. Goad. According to the testimony of Mr. Goad, Appellant and four other employees were leaving the work site early. Mr. Goad called upon Appellant to stop, but he displayed an obscene gesture and departed the work site. Upon returning to Columbia, Mr. Goad informed his superiors at Columbia Construction Company, Inc. that he was terminating Mr. Morris, and his superiors concurred. Morris denied that he was leaving the work site early and denied making any gestures, obscene or otherwise, to Mr. Goad. Both Mr. Goad and his superiors deny any asserted relationship between the worker's compensation claim filed by Mr. Morris and his subsequent discharge. No other evidence appears in the record to establish a nexus between Appellant's claim for worker's compensation and his termination.

In sustaining the Motion for Summary Judgment, the trial court held: "The plaintiff was an employee at will under Tennessee law and subject to termination without cause. Such termination gives the plaintiff an actionable claim only if substantially motivated by retaliation for his worker's compensation claim. Any suspicions the plaintiff may have or express about the alleged retaliation is not supported by any evidence credible or otherwise."

The case for Appellant fails for the same reasons that the plaintiff failed in *Anderson v. Standard Register Co.*, 857 S.W.2d 555 (Tenn. 1993). He is not able to make out a *prima facie* case of any causal relationship between his worker's compensation claim and his discharge. Because of this, the "burden shifting" complexities evidenced by *Smith v. Bridgestone/Firestone, Inc.*, 2 S.W.3d 197 (Tenn. Ct. App. 1999) never occur.

Appellant places primary reliance on the fact that Mr. Goad and his superiors are all "interested witnesses" within the rule in *Poole v. First National Bank of Smyrna*, 196 S.W.2d 563 (Tenn. Ct. App. 1946), and that such interest alone is sufficient to make their credibility a question for the jury. The studied and perhaps underutilized reasoning of Judge Felts in *Poole* is as sound in law today as it was 56 years ago. The rule stated therein must, however, be applied within the factual context of the case presented, and when so applied, it does not create evidence where none otherwise exists.

*Poole* involved a suit by a bank against the estate of a decedent, and the determinative question was whether or not the decedent had made a new promise to pay, thus tolling the statute of limitations. The testimony of two witnesses, Barnett and Steel, cashiers at the bank, was undisputed as to the new promise.[1] The trial court directed a verdict for the plaintiff bank on the basis that the testimony of Barnett and Steel was not contradicted, impeached or discredited and that the trier of fact was bound to accept such testimony as true under the rule set forth in *Frank v. Wright*, 205 S.W. 434 (Tenn. 1918); *Gouldener v. Brittain*, 114 S.W.2d 783 (Tenn. 1938), and *Bryan v. Aetna Life Ins. Co.*, 160 S.W.2d 423 (Tenn. Ct. App. 1941).

The Court of Appeals, in *Poole*, reversed and remanded for a new trial providing reasoning that is comprehensive and indisputable.

> But could his Honor take this testimony as true in determining plaintiff's motion? Could the judge tell the jury they were bound as a matter of law to believe such testimony, and direct them to return a verdict for plaintiff? Or was the credibility of these witnesses and the truth or falsity of their testimony questions for the jury?
>
> The credibility of witnesses is peculiarly a question for the jury, and in determining a motion for a directed verdict the judge has no right to determine the

---

[1] The "dead man's statute" was held to be inapplicable because the employee tellers of the bank were not actual parties to the suit.

question of the credibility of any witness. *Nashville, etc., Railway Co. v. Norman*, 108 Tenn. 324, 67 S.W. 479; *Kinney v. Yazoo & M.V. Railroad Co.*, 116 Tenn. 450, 92 S.W. 1116; *Anderson v. Stribling*, 15 Tenn. App. 267, 279; *Patillo v. Gambill et ux.*, 22 Tenn. App. 485, 493, 124 S.W.2d 272. The Constitution (Art. 6, sec. 9) for bids (sic) judges to charge juries "with respect to matters of fact," which include, among other things, the question of the credibility of a witness. *Brenizer v. Nashville C. & St. L. Ry.*, supra; *Haskins v. Howard*, 159 Tenn. 86, 97, 16 S.W.2d 20.

By way of exception to this general rule, it is declared in a number of cases that a jury will not be permitted to disregard testimony arbitrarily or capriciously, that ordinarily the testimony of a witness who is not contradicted, impeached, or discredited must be accepted as true, and that the judge may take such testimony as true in determining a motion for a directed verdict. *Frank v. Wright*, 140 Tenn. 535, 205 S.W. 434; *Gouldener v. Brittain*, 173 Tenn. 32, 114 S.W.2d 783; *Bryan v. Aetna Life Ins. Co.*, 25 Tenn. App. 496, 505, 160 S.W.2d 423, 429, and cases there cited.

. . . .

We think none of this line of cases is authority for directing a verdict for plaintiff upon the testimony of himself or other witnesses interested in the result, or for holding that the jury is bound as a matter of law to believe the testimony of such an interested witness, merely because he is not contradicted, impeached, or discredited. Would all reasonable men agree that such testimony must be believed and taken to be true as a matter of law? We think not. . . .

. . . .

And since the general abolishment of interest disqualification of witnesses, it has generally been held that interest alone is enough to make a witness's credibility a question for the jury, and that a verdict may not be directed upon the testimony of an interested witness, even though he is not contradicted, impeached, or discredited.

*Poole*, 196 S.W.2d at 568-69.

This rule (under which a directed verdict for the plaintiff, having the affirmative burden of proof on the issue, was reversed; and the credibility of interested witnesses, who were not contradicted, impeached, or discredited, was held to present a question for the jury) provides no basis for holding that the denials of interested witnesses for a defendant, standing alone, can be converted into affirmative evidence for the plaintiff sufficient to establish his *prima facie* case. The recent holding in *Godfrey v. Ruiz*, 90 S.W.3d 692 (Tenn. 2002), does not hold to the contrary, as in that case it is not the denial of agency or permission by the interested party vehicle owner that takes the case to the jury, but the *prima facie* evidence of such ownership and use provided for the plaintiff by Tennessee Code Annotated section 55-10-311.

It is the burden of Plaintiff to establish that his claim for worker's compensation was a substantial factor in his employer's decision to terminate him. *Standard Register Co.*, 857 S.W.2d 555. He cannot carry his burden by simply proving that he filed a worker's compensation claim that was followed by his termination. From these two facts standing alone, no inference of causation may be drawn. *DeVore v. Deloitte & Touche*, No. 01A01-9602-CH-00073, 1998 WL 68985 (Tenn. Ct. App. Feb. 20, 1998).

The judgment of the trial court is affirmed with costs assessed to Appellants.

_____
WILLIAM B. CAIN, JUDGE