IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
May 5, 2003 Session

## CHERYL ANDERSON v. CARMELETHA MASON, ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 99C1610      Carol Soloman, Judge**

_____

**No. M2002-01080-COA-R3-CV - Filed July 29, 2003**

_____

Defendant/Appellant, Carmeletha Mason, appeals from a jury verdict and judgment against her in this wrongful death action. She was the owner of a vehicle driven by her daughter, which was involved in an accident resulting in the death of David Anderson, husband of the Plaintiff/Appellee, Cheryl Anderson. Appellant asserts that her vehicle was being operated without her permission and that she was not guilty of an act of negligent entrustment. She also asserts that the trial court erred in failing to direct a verdict in her favor. We affirm the action of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed and Remanded**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S., and PATRICIA J. COTTRELL, J., joined.

Bridgett A. Wohlpart, Brentwood, Tennessee, for the appellant, Carmeletha Mason.

Mary Ann Reese, Nashville, Tennessee, for the appellee, Cheryl Anderson.

### OPINION

The accident in issue occurred in Nashville, Davidson County, Tennessee on April 8, 1999 in the early afternoon. On that date, David Anderson was operating his 1994 Ford van northbound on Ellington Parkway between the Trinity Lane and Ben Allen Road exits. At that same time, Dwanna Mason was driving a 1997 Toyota Corolla vehicle in a northerly direction on Ellington Parkway, approaching the Anderson vehicle from behind. The 1997 Toyota Corolla was owned by Carmeletha Mason, Appellant in this case and mother of the driver, Dwanna Mason. The Mason vehicle struck the Anderson vehicle from behind, causing it to overturn and resulting in grave bodily injury and death to David Anderson. Dwanna Mason and a passenger in the 1997 Toyota, one Crystal Bolyjack, fled the scene of the accident, and Dwanna Mason, on August 5, 1999, entered a plea of guilty to vehicular homicide by reckless conduct.

On June 11, 1999, Cheryl Anderson, as next of kin of David Anderson, deceased, filed suit against Dwanna Mason and, by Amended Complaint filed February 23, 2000, joined as Defendant in the case the owner of the 1997 Toyota Corolla, Carmeletha Mason. On June 23, 2000, Carmeletha Mason answered the Complaint admitting ownership of the Mason vehicle but denying permissive user thereof and asserting that her daughter, Dwanna Mason, had stolen the vehicle prior to the accident. On October 11, 2000, Carmeletha Mason filed a Motion for Summary Judgment accompanied by her own Affidavit wherein she denied the applicability of the family purpose doctrine because she had not entrusted the vehicle to Dwanna Mason. She further asserted that Dwanna Mason took the vehicle in violation of her instructions and without her permission or knowledge, using the vehicle solely for the purpose and benefit of Dwanna Mason.

This Motion was overruled, and the case went to trial on January 30, 2002, resulting in a verdict for the Plaintiff and against the Defendants, Dwanna and Carmeletha Mason, in the amount of $895,000, plus $500 in punitive damages. Judgment on this verdict was entered February 11, 2002. Carmeletha Mason filed a Motion for New Trial that was overruled by the trial court on April 8, 2002; whereupon, Carmeletha Mason filed a timely appeal. The judgment against Dwanna Mason was not the subject of any appeal, and has now become final.

The issues on appeal, as stated by the Appellant, are:

(1)     Whether the trial court erred in failing to direct a verdict in favor of Carmeletha Mason on the issue of vicarious liability under the family purpose doctrine when Carmeletha Mason presented evidence that Dwanna Mason stole her vehicle and used her vehicle without her permission or knowledge?

(2)     Whether the trial court erred in failing to direct a verdict in favor of Carmeletha Mason on the issue of agency when Carmeletha Mason presented sufficient evidence to rebut the prima facie case under Tenn. Code Ann. Sections 55-10-311 and 55-10-312 by showing that Dwanna Mason stole her vehicle and used her vehicle without her permission or knowledge, and the Appellee failed to present any other evidence in support of these claims?

(3)     Whether the trial court erred in failing to direct a verdict in favor of Carmeletha Mason on the issue of negligent entrustment when Carmeletha Mason presented evidence that Dwanna Mason stole her vehicle and used her vehicle without her permission or knowledge?

(4)     Whether the jury verdict is supported by material evidence or was the result of passion and/or prejudice and/or improper consideration of insurance?

None of the issues on appeal are concerned with the facts of the accident, comparative fault, or the admitted liability of the driver, Dwanna Mason. All of the issues on appeal, except alleged excessiveness of the verdict, deal with permissive user, the family purpose doctrine, and negligent entrustment.

In the first three issues on appeal, Appellant complains of the failure of the trial court to direct a verdict in her favor. Our standard of review is aptly stated by the supreme court in *Alexander v. Armentrout*, 24 S.W.3d 267 (Tenn.2000):

> The Court of Appeals properly stated the standard of review for reviewing a motion for a directed verdict:
>
>> A directed verdict is appropriate only when the evidence is susceptible to but one conclusion. *Eaton v. McLain*, 891 S.W.2d 587, 590 (Tenn.1994); *Long v. Mattingly*, 797 S.W.2d 889, 892 (Tenn.Ct.App.1990). We must "take the strongest legitimate view of the evidence favoring the opponent of the motion when called upon to determine whether a trial court should have granted a directed verdict." *Id.* In addition, all reasonable inferences in favor of the opponent of the motion must be allowed and all evidence contrary to the opponent's position must be disregarded. *Eaton*, 891 S.W.2d at 590; *Long*, 797 S.W.2d at 892.
>
> As this Court has stated: "The court may grant the motion only if, after assessing the evidence according to the foregoing standards, it determines that reasonable minds could not differ as to the conclusions to be drawn from the evidence." *See Eaton v. McLain*, 891 S.W.2d at 590.

*Alexander*, 24 S.W.3d at 271.

To the extent that the position of Appellant depends upon our consideration of her own testimony and her credibility, no issue for appellate review is presented. Even if her testimony was uncontradicted and unimpeached, her interest in the outcome of the case alone is sufficient to create an issue of fact for the jury. *See Poole v. First Nat'l Bank of Smyrna*, 196 S.W.2d 563 (Tenn.Ct.App.1946); *Price v. Allstate Ins. Co.*, 614 S.W.2d 377 (Tenn.Ct.App.1981); *Jennings v. Case*, 10 S.W.3d 625 (Tenn.Ct.App.1999); *Morris v. Columbia Const. Co., Inc.*, No. M2002-00503-COA-R3-CV, 2003 WL 237414 (Tenn.Ct.App.Feb.4,2003).

Under the long settled rule in *Poole, Price, Case* and *Morris*, once the plaintiff makes out a *prima facie* case, the testimony of a party to the suit who has an interest in the outcome of the case presents a jury question even if it is uncontradicted, unimpeached, and not discredited. Thus, it is necessary to look to evidence other than that offered by Carmeletha Mason to determine whether or not she is entitled to a directed verdict as to the family purpose doctrine or as to permissive user. "Uncontradicted evidence will not entitle a party to a directed verdict, and by analogy to a summary judgment, when the credibility of the evidence has been called into question using one of the legal modes available to test the credibility of witnesses." *Knapp v. Holiday Inns, Inc.*, 682 S.W.2d 936, 942-43 (Tenn.Ct.App.1984).

Asserting that the testimony of her brother, Spencer Rucker, and her son, Troy Rucker, is unimpeached, uncontradicted and not discredited and that they are not parties with an interest in the outcome of the case, Carmeletha Mason seeks to invoke the rule in *Frank v. Wright*, 205 S.W. 434 (Tenn.1918) that, "[o]rdinarily the testimony of a witness who is not contradicted, impeached, or discredited must be accepted as true; but, if the witness relied upon to establish a given fact be discredited or impeached, that fact may not be treated as established as a matter of law or for purposes of a motion for peremptory instructions." *Frank*, 205 S.W. at 435. The scope of this rule, as articulated in *Poole*, is very narrow, and the discussion of it in *Frank v. Wright* is enlightening:

> Neither can we approve as sound the contention that the jury may not reject the uncontradicted testimony of a witness "upon any kind of an attack that does not reach the legal requirement of testimony impeaching his veracity."
>
> The word "impeach," in its strictly proper signification, as applied to a witness, means an attack by character evidence directed against his general credit for veracity; but another and broader meaning is conveyed by the expression – the discrediting of the witness in the other modes recognized by the law. Properly speaking, the witness in that case is discredited, and not impeached.
>
> As tending to discredit a witness, the jury may consider the improbability of his statements as to facts remembered or claimed not to be recalled, as compared with the ordinary nature of things, by a cross-examination, in which he may be involved in inconsistencies, his ability and willingness to speak the truth, and other criteria which may aid in the reaching of a conclusion satisfactory to the triers of facts. *Richmond v. Richmond*, 10 Yerg. (18 Tenn.) 345; *Wilcox v. State*, 3 Heisk. (50 Tenn.) 117.

*Id.* at 435-36.

Upon consideration of the entire record in the case, an appealing argument to the jury can be made that Carmeletha Mason was a single mother who worked hard and did her best to raise her family, realizing full well that her daughter, Dwanna, was out of control and was expressly forbidden by Carmeletha Mason to drive the 1997 Toyota automobile. Her witnesses, however, are not uncontradicted and unimpeached to the degree that a trial court could properly take the case away from the jury by a directed verdict. Dwanna Mason did not testify except briefly in the post-liability verdict proceedings relative to punitive damages. It is a disputed question of fact as to whether or not Dwanna was a member of the household of Carmeletha Mason at the time of this accident. Carmeletha Mason adamantly testified that Dwanna was not a member of her household but was, in fact, living with her grandmother at the time of the accident. She further testified, however:

> Q. Did Dwanna have permission to drive the car without - - was she allowed to drive the car without your permission?
> A. No.
> Q. If you weren't home, could Dwanna get the keys?

A. Well, no. But Dwanna was never there. She was never there. Dwanna had spent two nights at the house. That would have been her third day at the house when the accident happened. She had only spent two nights over there. Dwanna lived with her grandmother. She did not live there. So there wouldn't be no way that Dwanna could just have access to the keys. Because nobody knew where the - - not even my son, and I trust my son, because I haven't ever had any problems out of my son.

Q. She was spending the night a few days prior to April 8th, correct?

A. Right. Because there had been a confrontation a couple days before that where she had got in a fight with some girls. And she just stayed over to the house.

Q. Why?

A. I just let her stay on over to the house.

Q. Do you know why?

A. I just didn't take her back to her grandmother's house. I know how her grandmother is. She had a fall during the fight and she had a black eye. I know how her grandmother is about her and Tawny, and she would have been trying to go out there and get into trouble with them because Dwanna had a black eye.

Q. Her grandmother would have gone with her and - -

A. Yes. Really. Tawny and Dwanna could not do any wrong. And Mamie would get out there and fight or whatever concerning those two.

Carmeletha Mason lived at 218 Berry Street, and, after the accident, Dwanna Mason returned to 218 Berry Street and was sitting on the front steps with Crystal Bolyjack at the time officers arrived at the home in search of the owner of the vehicle. At that time, Dwanna Mason may have also given Lieutenant Hager 218 Berry Street as her home address.[1] Further, the inconsistencies in the testimony of Spencer Rucker and Troy Rucker as to the sequence of events occurring on the day of the accident are sufficient to make their credibility a matter for the jury.

As to the family purpose doctrine, it is clear that Carmeletha Mason maintained the automobile for her use and for the use of persons in her household. The fact that her son had to get special permission before using the vehicle does not remove the vehicle from the general applicability of the family purpose doctrine. *See Driver v. Smith*, 339 S.W.2d 135 (Tenn.Ct.App.1959). On the controlling issue, Dwanna Mason informed the police officers that she

---

[1] This fact is not clear from Lieutenant Hager's testimony which states:

Q. What address did Dwanna Mason give you as her home address?

A. I believe 218 Berry.

Q. Did you see the accident report in this case?

A. Yes.

Q. Would this refresh your recollection as to the address that Ms. Dwanna Mason gave to the police officers?

A. Yes, ma'am. 1219 Katie Avenue.

Q. Does that refresh your recollection as to the address?

A. Yes, ma'am.

Deciphering the meaning of this testimony is best left to the jury.

-5-

was using the vehicle for the purpose of taking her younger sister home from school in order that the sister might be removed from a hostile environment.

There is substantial material evidence in the record to support a jury verdict for Plaintiff on both the issue of permissive user and the issue of the family purpose doctrine. It is well to note that there is substantial material evidence, of perhaps even greater strength, to support a verdict for Carmeletha Mason in the case, but the trial judge has approved the verdict of the jury. Once it is determined that substantial material evidence supports the verdict of a jury approved by the trial court, the appellate inquiry comes to an end. It does not matter that the appellate court might believe that the evidence preponderates against the verdict. Tennessee Rule of Appellate Procedure 13(d) provides, in part: "Findings of fact by a jury in civil actions shall be set aside only if there is no material evidence to support the verdict." The command of *Eaton v. McLain*, 891 S.W.2d 587 (Tenn.1994) forbids this Court from weighing evidence and conclusively controls our disposition.

> The standards governing trial courts in ruling on motions for directed verdict or JNOV in negligence cases are well established. In ruling on the motion, the court must take the strongest legitimate view of the evidence in favor of the non-moving party. In other words, the court must remove any conflict in the evidence by constructing it in the light most favorable to the non-movant and discarding all countervailing evidence. The court may grant the motion only if, after assessing the evidence according to the foregoing standards, it determines that reasonable minds could not differ as to the conclusions to be drawn from the evidence. *Sauls v. Evans*, 635 S.W.2d 377 (Tenn.1982); *Holmes v. Wilson*, 551 S.W.2d 682 (Tenn.1977). If there is any doubt as to the proper conclusions to be drawn from the evidence, the motion must be denied. *Crosslin v. Alsup*, 594 S.W.2d 379 (Tenn.1980).

*Eaton*, 891 S.W.2d at 590. This same standard applies on appellate review. *See Crosslin v. Alsup*, 594 S.W.2d 379 (Tenn. 1980).

The evidence as to negligent entrustment in this record is sparse, and it takes a degree of imagination to get the case to a jury on that issue. If, however, the issue was erroneously submitted to the jury, the resulting error is harmless under Tennessee Code Annotated section 20-9-502. The supreme court has held:

> The Court of Appeals determined that the trial court's charge on the vicarious liability count was erroneous and vacated the judgment against Dr. Patterson and remanded the cause for a new trial without considering whether the error was harmless. We are of the opinion that the trial court's error, if any, was harmless error.

> T.C.A. § 20-9-502 provides as follows:

> *Verdict applied to good account.* [sic]-- If any counts in a declaration are good, a verdict for entire damages shall be applied to such good counts.

> Tennessee courts have held on the basis of the above quoted statute that a trial court's erroneous instruction on one count of a multicount suit is harmless error if its instructions as to the other counts were proper. *Tennessee Cent. Ry. Co. v. Umenstetter*, 155 Tenn. 235, 237, 291 S.W. 452 (1927); *Bloodworth v. Stuart*, 221 Tenn. 567, 577, 428 S.W.2d 786 (1968). "[A] general verdict approved by the trial judge is not vitiated by the absence of proof on one or more counts of the declaration if there is evidence to sustain the averments of a single count." *Alex v. Armstrong*, 215 Tenn. 276, 286, 385 S.W.2d 110 (1964); *Valentine v. Conchemco, Inc.*, 588 S.W.2d 871, 877 (Tenn.App.1979).

*Tutton v. Patterson*, 714 S.W.2d 268, 271 (Tenn.1986).

Appellant next asserts that the verdict was excessive. David Anderson was fifty years old, gainfully employed, and leaves behind a wife and three children. Also, the verdict of the jury in this case has been approved by the trial court. The amount of a verdict in a personal injury case is primarily for the jury to determine, and, when the amount of that verdict has been approved by trial court, the verdict is entitled to great weight on appeal. *See Ellis v. White Freightliner Corp.*, 603 S.W.2d 125 (Tenn.1980).

Finally, Appellant complains about a question which the jury asked at the outset of the case about whether or not the defendant was insured. The trial judge promptly admonished the jury that the existence or non-existence of liability insurance was not a matter that addressed itself to the jury since it had no bearing at all on the issues before them. In the final instructions to the jury, this admonition was reiterated. The jury is presumed to follow the instructions of the court, *Perkins v. Sadler*, 826 S.W.2d 439, 443 (Tenn.Ct.App.1991), and the issue is without merit.

Judgment of the trial court is in all respects affirmed, and costs of the appeal are assessed to Appellant.

_____
WILLIAM B. CAIN, JUDGE