IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
November 15, 2005 Session

## DEBORAH JAIME v. AMERICAN WATER HEATER COMPANY

**Appeal from the Circuit Court for Washington County**
**No. 23095     Thomas J. Seeley, Jr., Judge**

---

**No. E2005-00907-COA-R3-CV - FILED JANUARY 24, 2006**

---

The plaintiff brought this action against her former employer, alleging that the defendant terminated her employment in retaliation for her pursuit of a claim for workers' compensation benefits. The trial court granted the defendant summary judgment, holding that the plaintiff failed to establish a *prima facie* case of retaliatory discharge and that she also failed to rebut the defendant's proffered legitimate reason for termination. The plaintiff appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and SHARON G. LEE, J., joined.

Howard R. Dunbar, Johnson City, Tennessee, for the appellant, Deborah Jaime.

Steven H. Trent, Johnson City, Tennessee, for the appellee, American Water Heater Company.

**OPINION**

I.

The plaintiff was employed by the defendant from January 18, 2000, through January 7, 2003. Each employee of the defendant is required to complete a pre-placement medical assessment form. This document, which the defendant states is used to determine if the employee is capable of performing his or her job duties, requires the employee's disclosure of all previous injuries and illnesses. The employee's signature on the document certifies that all information is true. The document states that, if any of the information is found to be untrue, the employee is subject to immediate termination. The defendant also employs a "strict" written policy that prohibits employees from "making false statement [sic], making alterations, or falsifying any employee or company records." When violations of this policy are found, the employee is immediately terminated.

The plaintiff, like all other employees of the defendant, completed and signed a pre-placement medical assessment form prior to beginning her employment. The plaintiff listed several previous medical conditions on her assessment form, including, but not limited to, "Fractures/Broken Bones" and "Severe Cuts." On or about December 17, 2002, the plaintiff visited the defendant's Safety Office complaining of a work-related injury to her left knee. The plaintiff, while receiving treatment for her left knee, told the attending nurse that she had fallen and injured one of her knees five or six years earlier.[1] Upon review of the plaintiff's medical assessment form, which review the defendant states is routine after an employee sustains a work-related injury, the defendant discovered that the plaintiff had failed to disclose her previous knee injury, notwithstanding the form's specific questions asking if the employee had ever experienced "Locking Knee Joint," "Swollen/Painful Joints," "Dislocation," or "Other Injury." On or about December 27, 2002, members of the defendant's management staff, after discussing the omission by the plaintiff, decided to terminate the plaintiff after the holidays.

On January 6, 2003, the plaintiff returned to the Safety Office, this time with a laceration to her left index finger. The attending nurse administered first aid to the finger and determined that no further medical assistance was necessary at the time. On January 7, 2003, the defendant's management staff held a meeting with the plaintiff at which time the defendant terminated her employment. The management staff's stated reason for the plaintiff's termination was the omission from the medical assessment form, the type of omission which – according to the defendant – had been consistently held to be a "falsified" document under its written policy. After leaving the meeting, the plaintiff requested additional medical treatment for her lacerated finger. The next morning, the plaintiff was examined by a physician, provided by the defendant, and released with no restrictions.

On April 30, 2003, the plaintiff filed suit, pursuing her claim for workers' compensation benefits as related to the December, 2002, knee injury and the January, 2003, finger injury. The plaintiff subsequently filed this retaliatory action, alleging that her pursuit of workers' compensation benefits, *i.e.*, the medical treatment sought in response to her work-related injuries, was a "substantial and motivating factor in her discharge." After taking the plaintiff's deposition, the defendant moved for summary judgment, arguing that the plaintiff had failed to set forth a *prima facie* case of retaliatory discharge. The trial court held a hearing on the defendant's motion and ruled that the defendant was entitled to summary judgment in light of the plaintiff's failure to establish that her claim for workers' compensation benefits was a "substantial factor" in the defendant's motivation to terminate her employment. The trial court also noted that the plaintiff failed to offer proof suggesting that the defendant's proffered legitimate reason for the discharge, *i.e.,* the defendant's written policy providing for the termination of employees found to have falsified documents, was pretextual.

---

[1]The plaintiff later testified that she had dislocated her left knee in 1996, and that an orthopedic physician had prescribed the use of a knee brace.

II.

The plaintiff raises a single issue on appeal, which, as taken from her brief, is as follows:

> Did the Trial Court err by granting Summary Judgment and dismissing [the plaintiff's] claim of Retaliatory Discharge for making a claim for Workers' Compensation benefits?

III.

Since summary judgment presents a pure question of law, our review is *de novo* on the record of the proceedings below with no presumption of correctness as to the trial court's legal judgments. ***Gonzales v. Alman Constr. Co.***, 857 S.W.2d 42, 44-45 (Tenn. Ct. App. 1993). We must decide anew "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. We must view the material in the record in the light most favorable to the opponent of the motion, here the plaintiff, and afford to her all reasonable inferences from the facts before us. ***Byrd v. Hall***, 847 S.W.2d 208, 210-11 (Tenn. 1993). In light of this deferential review, we note that the opponent of the motion may not rest upon mere allegations or denials as set forth in the party's pleadings, but "must set forth *specific facts* showing that there is a genuine issue for trial." Tenn. R. Civ. P. 56.06 (emphasis added).

IV.

The Tennessee Workers' Compensation Law, specifically Tenn. Code Ann. § 50-6-114(a) (2005), provides that "[n]o contract or agreement, written or implied, or rule, regulation or other device" can operate to relieve any employer of its obligations under the workers' compensation scheme. The Supreme Court has stated that this statute implicitly creates a cause of action for retaliatory discharge when an employee is terminated for exercising his or her rights under the Act. ***Clanton v. Cain-Sloan Co.***, 677 S.W.2d 441, 445 (Tenn. 1984) ("In our opinion, a cause of action for retaliatory discharge, although not explicitly created by the statute, is necessary to enforce the duty of the employer, to secure the rights of the employee and to carry out the intention of the legislature.").

To establish a retaliatory discharge cause of action, a plaintiff must prove the following four elements: (1) the plaintiff was the defendant's employee at the time of the injury; (2) the plaintiff made a claim against the defendant for workers' compensation benefits; (3) the defendant terminated the plaintiff's employment; and (4) the plaintiff's claim for workers' compensation benefits was a substantial factor in the defendant's motivation to terminate the plaintiff. ***Anderson v. Standard Register Co.***, 857 S.W.2d 555, 558 (Tenn. 1993). To prove the fourth element – the "substantial factor" element – the plaintiff must present "direct evidence of the necessary causal link or . . . compelling circumstantial evidence of such a link." ***Reed v. Alamo Rent-A-Car, Inc.***, 4 S.W.3d 677,

685 (Tenn. Ct. App. 1999); *see Anderson*, 857 S.W.2d at 558-59 ( "Proof of discharge without evidence of a causal relationship between the claim for benefits and the discharge does not present an issue for the jury."). Once the plaintiff has established these four elements, the burden shifts to the defendant employer to show a "legitimate, non-pretextual reason for the employee's discharge." *Anderson*, 857 S.W.2d at 559.

The plaintiff has demonstrated the first, second, and third elements of a retaliatory discharge cause of action – (1) she was the defendant's employee at the time of the work-related injuries; (2) she made a claim for workers' compensation benefits by seeking medical treatment for her work-related injuries; and (3) the defendant terminated her employment. However, the plaintiff has produced no facts to support a causal connection between her termination and her filing for workers' compensation benefits.

The plaintiff attempts to argue that the defendant's stated reason for her termination, which was provided by the defendant at the meeting of January 7, 2003, creates a genuine issue of material fact as to the causal connection between her pursuit of medical treatment for her work-related injuries and her termination. She points to her deposition testimony as evidence of a connection:

> Q: Okay. Tell me exactly what the statement [during the termination meeting] was then.
>
> A: "*Due to your most recent visits to the Safety Office* it has come – it has caused us to review your records and found that you falsified a document." And she pointed it out, told me I needed to fill out paperwork, sign this, sign that and then I could leave.
>
> \* \* \*
>
> Q: No, I'm asking about what they told you in that meeting?
>
> A: They told me *due to my – the – due to the most recent visits to the Safety Office,* it has caused us to review your records and we have found that you falsified a document. And then she proceeded to show me that I had lied saying about the swelling and aching joints and that's why she terminated me.

(Emphasis added). The plaintiff asserts that the first clause of the defendant's proffered reason – "due to the most recent visits to the Safety Office" – proves that the defendant terminated the plaintiff's employment because she visited the Safety Office in response to work-related injuries, a termination which is clearly prohibited under Tenn. Code Ann. § 50-6-114. The plaintiff's interpretation of this statement is skewed, ignoring the context of the *entire* statement and the reason actually expressed by the statement. The defendant's management staff did not tell the plaintiff, as she suggests, that they were terminating her because of her recent visits to the Safety Office. They

told her that her recent visits to the Safety Office had compelled them, as was routine, to review her pre-placement medical assessment form.  Upon reviewing the form, they discovered her omission, which, under the company's policies, equated to a falsified document warranting immediate termination.

The plaintiff's proof, *i.e.,* the above-quoted testimony, simply does not prove that the defendant terminated her employment because she was pursuing a workers' compensation claim.  Furthermore, the plaintiff failed to present *any* other evidence establishing that her claim for workers' compensation benefits was a factor in her termination; thus, the plaintiff failed to present a *prima facie* case of retaliatory discharge.

V.

The majority of the plaintiff's brief argues that the trial court erred in granting summary judgment because of the existence of the following two genuine issues of "material" fact:  (1) whether the plaintiff actually "falsified" the medical assessment form; and (2) whether the applicable Union contract prohibited the defendant from terminating the plaintiff based on the pre-placement medical assessment form.  We find no merit, or import, in either argument.

The plaintiff's contention that an issue still remains to be determined by the trier of fact as to whether she "falsified" the form has absolutely no bearing on this retaliatory discharge case.  Even if we assume that the plaintiff inadvertently omitted, as opposed to intentionally falsified, the existence of her previous knee injury, such a determination does nothing to assist the plaintiff's assertion that her termination was caused by her pursuit of workers' compensation benefits, *i.e.,* the determination is not *material* to the issue of whether the plaintiff established a *prima facie* case.

The plaintiff next argues that an issue remains as to whether the Union contract in effect at the time of the plaintiff's termination prohibited the defendant's proffered reason for termination.  The plaintiff cites the following Union contract provision in support of this contention:

> Data in an employee's personnel record that is more than twelve (12) months old will not be used as a reason for discipline or as evidence in any grievance or arbitration proceeding except where the data involves conduct which is a violation of federal, state or local law.

A determination as to this issue is also completely irrelevant to the matter at hand.  As succinctly stated by the trial court,

> I know that the contract stated that you cannot use information that's more than twelve months old . . . as a basis for discipline, but that's a different kettle of fish than a retaliatory discharge case.  And it may be that [the defendant] shouldn't have discharged [the plaintiff] for

something that's more than twelve months old, I don't know, but that doesn't make it a retaliatory discharge case in this Court's opinion.

The only question before this Court is whether there is a genuine issue of material fact as to whether the plaintiff's pursuit of workers' compensation benefits was a substantial and motivating factor in the defendant's termination of the plaintiff's employment. The plaintiff has failed to provide such evidence. Because the plaintiff failed to present a *prima facie* case, the "'burden shifting' complexities" related to the defendant's proffered "legitimate non-pretextual reason" never occur. *See Morris v. Columbia Constr. Co.*, 109 S.W.3d 314, 315 (Tenn. Ct. App. 2003).

VI.

The judgment of the trial court is affirmed. This case is remanded to the trial court for collection of costs assessed below, pursuant to applicable law. Costs on appeal are taxed to the appellant, Deborah Jaime.

_____
CHARLES D. SUSANO, JR., JUDGE