# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
April 26, 2012 Session

## TRACI JONES v. BERNICE JONES ET AL.

**Appeal from the Circuit Court for Warren County**
**No. 3446     Larry B. Stanley, Jr., Judge**

**No. M2011-01791-COA-R3-CV - Filed September 14, 2012**

This matter arose from a car accident between Traci Jones and Bernice Jones. At trial, the jury found Bernice Jones 100% at fault and awarded Traci Jones a portion of her requested relief. On appeal, Traci Jones argues that the trial court erred by reversing its pre-trial ruling on a motion in limine, denying her motion for mistrial, and denying her motion for directed verdict. We affirm the trial court's decision.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which RICHARD H. DINKINS, J., and BEN H. CANTRELL, SP. J., joined.

Mark Mizell, Nashville, Tennessee, for the appellant, Traci Jones.

Bruce Timothy Pirtle, McMinnville, Tennessee, for the appellees, Bernice Jones, Cynthia Gribble, and Jimmie Gribble.

## MEMORANDUM OPINION[1]

### FACTUAL AND PROCEDURAL BACKGROUND

Traci Jones ("Plaintiff") and Bernice Jones ("Defendant") were involved in a car

---

[1] This Court, with the concurrence of all judges participating in the case, may affirm, reverse, or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion, it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case. Tenn R. Ct. App. 10.

accident on September 30, 2008.[2] Traci Jones filed a complaint against Bernice Jones on September 18, 2009. A jury trial was held on May 18, 2011. The jury found Defendant 100% at fault and returned a $4,324.52 verdict representing the exact amount Plaintiff incurred in medical bills before her lawyer referred her to the Center for Sports Medicine and Orthopedics in Chattanooga and to two other doctors.

Prior to trial, Plaintiff filed several motions in limine, one of which pertained to excluding evidence of her counsel's referring her to other doctors. The court granted Plaintiff's motion in limine and ruled that "Defendant shall be allowed to present Plaintiff with a line of questioning regarding if she voluntarily went to the doctor, where she went, and whether she felt it was necessary." During cross examination at trial, however, the court allowed Defendant to question Plaintiff about going to a Chattanooga orthopedic physician to whom she had been referred by her lawyer. During the sidebar conference, the court reasoned that evidence of this fact went to bias.

Another motion in limine that Plaintiff filed pertained to excluding evidence of any correlation between the damage to the cars after the collision and the injuries that Plaintiff claimed. The trial court granted this motion in limine, ruling that "[D]efendant shall be allowed to display a picture of the vehicles involved in the collision, however they cannot make any reference, suggestion, inference or argument regarding any correlation between property damage and the claimed damages by Plaintiff, or the amount or type of property damage of the vehicles." On appeal, Plaintiff asserts that Defendant ignored the court's ruling and that the court improperly denied her two requests for a mistrial and motion for a new trial.

At the close of evidence at trial, Plaintiff moved for a directed verdict as to the necessity of her medical treatment and the reasonableness of the medical expenses. The court denied the motion. By order entered July 28, 2011, the trial court overruled Plaintiff's motion for a new trial but granted an additur of $2,500, finding "that the jury's award of damages was inadequate and that the plaintiff should have been awarded an amount for her pain, suffering or loss of enjoyment of life." Defendant accepted the additur under protest. Plaintiff also filed a motion for discretionary costs (for a court reporter and deposition fees), which the trial court awarded in the amount of $1,720.

Plaintiff appeals.

STANDARD OF REVIEW

---

[2]The parties are not related to each other. Cynthia Gribble and Jimmie Gribble were the owners of the car that Bernice Jones was driving when she rear-ended Traci Jones.

Our review of the trial court's findings of fact is de novo with a presumption of correctness unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d). We review questions of law de novo with no presumption of correctness. *Nelson v. Wal-Mart Stores, Inc.*, 8 S.W.3d 625, 628 (Tenn. 1999).

The admissibility of evidence is within the trial court's sound discretion, and we review the trial court's decision to admit or exclude evidence by an abuse of discretion standard. *Mercer v. Vanderbilt Univ., Inc.*, 134 S.W.3d 121, 131 (Tenn. 2004); *Otis v. Cambridge Mut. Fire Ins. Co.*, 850 S.W.2d 439, 442 (Tenn. 1992). Under the abuse of discretion standard, a reviewing court cannot substitute its judgment for the trial court's judgment. *Wright ex rel. Wright v. Wright*, 337 S.W.3d 166, 176 (Tenn. 2011). Rather, a reviewing court will find an abuse of discretion only if the trial court "applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, or employ[ed] reasoning that causes an injustice to the complaining party." *Konvalinka v. Chattanooga-Hamilton Cnty. Hosp. Auth.*, 249 S.W.3d 346, 358 (Tenn. 2008); *see also Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010).

ANALYSIS

Motion in Limine

Plaintiff argues that the trial court erred in allowing evidence to be presented at trial regarding her counsel referring her to additional physicians who were regularly used by counsel's law firm. Plaintiff asserts that allowing this evidence constitutes an improper reversal of the court's pre-trial ruling on a motion in limine to exclude such evidence. Trial judges are permitted to issue a preliminary or conditional ruling on motions in limine, subject to change, depending on events at trial. *Pullam v. Robinette*, 174 S.W.3d 124, 135 (Tenn. Ct. App. 2004). "The United States Supreme Court has stated that in limine evidentiary rulings 'are not binding on the trial judge, and the judge may always change his mind during the course of the trial.'" *Id*. (quoting *Ohler v. U.S.*, 529 U.S. 753, 758 n.3 (2000)); *see also Luce v. U.S.*, 469 U.S. 38, 42 (1984). We will not reverse a trial court's ruling on a motion in limine unless the trial court committed a clear abuse of the wide discretion it is given to handle such motions. *Pullam*, 174 S.W.3d at 137.

We find that the trial court did not abuse its discretion in reversing its ruling on the pre-trial motion in limine to exclude evidence. Therefore, we do not find error in the trial court's decision to allow evidence related to physician referrals by Plaintiff's counsel.

Mistrial

Next, Plaintiff argues that the trial court erred in denying her motion for a mistrial. Specifically, Plaintiff states that the trial court improperly permitted Defendant to present as evidence photographs of the vehicles that were involved in the collision, drawing a correlation between the property damage involved and the injuries sustained by Plaintiff. Plaintiff argues that this evidence was presented in violation of the trial court's ruling on a motion in limine, and that it materially affected the jury's verdict.

"It is well settled that the decision of whether to grant a motion for mistrial is within the sound discretion of the trial court." *Willis v. Settle*, 162 S.W.3d 169, 188 (Tenn. Ct. App. 2004) (citing *State v. McKinney*, 929 S.W.2d 404, 405 (Tenn. Crim. App. 1996)). Absent an abuse of discretion, we will not disturb the trial court's decision to deny a motion for mistrial. *Willis*, 162 S.W.3d at 188; *Delapp v. Pratt*, 152 S.W.3d 530, 539 (Tenn. Ct. App. 2004).

Prior to trial, the court reviewed Plaintiff's proposed order on this issue, which stated as follows:

> The defendant shall be allowed to display a picture of the vehicles involved in the collision, however they cannot make any reference, suggestion, inference or argument regarding any correlation between property damage and the claimed damages by Plaintiff, the severity of the impact or force of the impact, or the amount or type of property damage of the vehicles.

On the morning of trial, the trial court entered its final order on this issue, but redacted the following language from the proposed order: "the severity of the impact or force of the impact." Thus, Defendant's mere presentation of photographs showing the extent of the damage to the vehicles did not violate the trial court's ruling. Furthermore, there is not any evidence demonstrating that Defendant's counsel attempted to draw a correlation (based on the photographs) between the extent of the property damage and the physical injuries incurred by Plaintiff. Therefore, we find that Defendant's counsel did not exceed the scope of proper argument. We find no reversible error in the trial court's denial of Plaintiff's motion for mistrial.

## Directed Verdict

In reviewing a trial court's disposition of a motion for directed verdict, an appellate court must "take the strongest legitimate view of the evidence in favor of the non-moving party, construing all evidence in that party's favor and disregarding all countervailing evidence." *Johnson v. Tenn. Farmers Mut. Ins. Co.*, 205 S.W.3d 365, 370 (Tenn. 2006). A trial court may only grant a motion for directed verdict upon finding that reasonable minds can only reach one conclusion from the evidence. *Id*. "The standard of review applicable to

a motion for a directed verdict does not permit an appellate court to weigh the evidence." *Id.* (citing *Cecil v. Hardin*, 575 S.W.2d 268, 270 (Tenn. 1978)). If there is a dispute as to any material fact, or any doubt as to the conclusions to be drawn from the whole evidence, the motion must be denied. *Id.*

Plaintiff argues that the trial court erred in denying her motion for directed verdict on the issue of her medical expenses because she presented the only expert witness on this issue and because Defendant chose not to cross-examine the witness on this issue.

A witness's interest in the outcome of a case alone is sufficient to create an issue of fact for the jury, even if the witness's testimony remains uncontradicted. *Anderson v. Mason*, 141 S.W.3d 634, 637 (Tenn. Ct. App. 2003). Plaintiff's expert witness, Dr. Gaw, admitted that he would gain a lien against any award that Plaintiff received as a result of this lawsuit. This fact alone raised a sufficient question for the jury as to Dr. Gaw's credibility.

In addition, Dr. Gaw testified that he never reviewed medical records related to some of Plaintiff's medical expenses, nor did he review any evidence related to the collision itself. He maintained, however, that the $21,600 that Plaintiff incurred in medical expenses as a result of her visits to Dr. Kroll was necessary and reasonable. Therefore, there is a basis for questioning Dr. Gaw's testimony. Accordingly, we find that the trial court properly denied Plaintiff's motion for directed verdict on the issue of her medical expenses.

Additur

Defendant argues on appeal that the trial court erred in suggesting an additur for Plaintiff's pain and suffering.

In *Long v. Mattingly*, 797 S.W.2d 889, 896 (Tenn. Ct. App. 1990), the court succinctly explains the role of appellate courts in reviewing a trial court's adjustment of a jury verdict:

> The role of appellate courts is to determine whether the trial court's adjustments were justified, giving due credit to the jury's decision regarding the credibility of the witnesses and due deference to the trial court's prerogatives as thirteenth juror . . . .

> [T]he appellate courts customarily conduct a three-step review of a trial court's adjustment of a jury's damage award. First, we examine the reasons for the trial court's action since adjustments are proper only when the court disagrees with the amount of the verdict. Second, we examine the amount of the suggested adjustment since adjustments that "totally destroy" the jury's verdict

-5-

are impermissible. Third, we review the proof of damages to determine whether the evidence preponderates against the trial court's adjustment.

We agree with the trial court's conclusion that the additur was appropriate. Based on our own review of the record, we find that the proof, taken as a whole, does not preponderate against the trial court's decision to award $2,500 for Plaintiff's pain and suffering.

## Discretionary Costs

The trial court is expressly authorized, in its discretion, to award reasonable and necessary court reporter expenses and deposition fees charged by expert witnesses. Tenn. R. Civ. P. 54.04(2). "Trial courts are afforded a great deal of discretion when considering whether to award costs." *Placencia v. Placencia*, 3 S.W.3d 497, 503 (Tenn. Ct. App. 1999). Appellate courts generally will not alter a trial court's ruling with respect to costs absent a clear abuse of discretion. *Id.* We find no evidence in the record that the trial court abused its discretion in awarding costs to Plaintiff. Therefore, we affirm the trial court's ruling with respect to this matter.

## CONCLUSION

The judgment of the trial court is affirmed. Costs of appeal are assessed against the appellant, Traci Jones, for which execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE