**Eric CONATSER, Plaintiff–Appellant,**

v.

**The CLARKSVILLE COCA–COLA
BOTTLING COMPANY,
Defendant–Appellee.**

Supreme Court of Tennessee.

June 26, 1995.

Robert Clive Marks, Marks, Shell, Maness & Marks, Clarksville, for Plaintiff–Appellant.

Frank J. Runyon, II, Clarksville, for Defendant–Appellee.

*OPINION*

REID, Justice.

In this suit for retaliatory discharge, the trial court granted the employer's motion for a directed verdict at the conclusion of the employee's proof. The Court of Appeals also rejected the employee's insistence that the evidence established a *prima facie* case of retaliation imposing upon the employer the burden of showing a non-pretextual reason for the employee's discharge. The judgment of the Court of Appeals is affirmed.

Prior to sustaining a work-related injury, the employee, Eric Conatser, worked for the appellee, The Clarksville Coca–Cola Bottling Company, for approximately four months in 1986 as a helper to a soft drink route sales-

man. His job was unloading cases of soft drinks from a truck and depositing the products inside retail stores.

On June 2, 1986, the employee sustained minor injuries when he and some cases of soft drinks fell from the truck he was unloading. He was treated at a hospital emergency room and released. He was relieved from work by his physician until June 23, 1986, and was paid workers' compensation temporary total disability benefits for the two and one-half weeks during which he was unable to work.

For three days after the employee returned to the job, he worked on a truck with the route foreman rather than the route salesman with whom he had worked previously. At the end of the third day, the foreman told him that his employment was being terminated because he was not physically able to do the work required by the job.

During the time that he was employed, the employee was not given a uniform worn by regular employees, which indicated that his employment was on a trial basis. According to the employee's testimony, his work performance was never discussed with him by his route salesman, the foreman who terminated his employment, or any other employee of the company. The only evidence submitted by the employee was his testimony and a copy of a Tennessee Department of Employment Security decision, which recites a finding that the employee "was discharged because his employer felt he was not physically strong enough to perform his job after returning to work following an on-the-job injury." The employee offered no evidence, not even through his own testimony, that he was able to perform the work required by the job. The record contains no other material evidence.

█ Rule 50 of the Rules of Civil Procedure provides that "a motion for a directed verdict may be made at the close of the evidence offered by an opposing party...." The standard for granting the motion has been established by court decisions.

In ruling on the motion, the court must take the strongest legitimate view of the evidence in favor of the non-moving party. In other words, the court must remove any conflict in the evidence by construing it in the light most favorable to the non-movant and discarding all countervailing evidence. The court may grant the motion only if, after assessing the evidence according to the foregoing standards, it determines that reasonable minds could not differ as to the conclusions to be drawn from the evidence.

*Eaton v. McLain,* 891 S.W.2d 587, 590 (Tenn. 1994).

"On review of the grant of a directed verdict on motion of a defendant, it is not the office of an appellate court to weigh the evidence. Rather, it must take the strongest legitimate view of the evidence in favor of the plaintiff, indulging in all reasonable inferences in his favor, and disregarding any evidence to the contrary. The trial judge's action may be sustained only if there is no material evidence in the record that would support a verdict for the plaintiff, under any of the theories that he has advanced."

*Williams v. Brown,* 860 S.W.2d 854, 857 (Tenn.1993) (quoting *Cecil v. Hardin,* 575 S.W.2d 268, 271 (Tenn.1978)).

█ The issue then is whether the record contains any material evidence supporting the essentials of the cause of action alleged, that the employment was terminated because the employee asserted a claim for benefits under the workers' compensation law.

█ With significant exceptions, an employee or an employer may terminate an employment-at-will relationship at any time, with or without good cause. *Forrester v. Stockstill,* 869 S.W.2d 328, 330 (Tenn.1994); *Chism v. Mid–South Milling Co.,* 762 S.W.2d 552, 555 (Tenn.1988). The first exception to this rule was recognized by the Court in *Clanton v. Cain–Sloan Co.,* 677 S.W.2d 441 (Tenn.1984), in which the Court held that an action in tort for retaliatory discharge is available to a person whose employment has been terminated for asserting a claim for workers' compensation benefits[1]. In that case, the Court stated:

---

1. For a discussion of other grounds for discharge

which will give rise to an action for retaliatory

In our opinion, a cause of action for retaliatory discharge, although not explicitly created by the statute, is necessary to enforce the duty of the employer, to secure the rights of the employee and to carry out the intention of the legislature.

*Id.* at 445.

In *Anderson v. Standard Register Co.,* 857 S.W.2d 555, 556 (Tenn.1993), the trial court granted the employer's motion for summary judgment, finding "no direct evidence that the plaintiff was terminated because of the fact that she had made a claim for workers' compensation." In *Anderson,* the employee was discharged pursuant to a facially neutral absence control policy for absence caused by a work-related injury. She alleged that she was discharged because she asserted a workers' compensation claim for the injury. The employer stated that she was discharged because she was "medically unable to perform her job duties." *Id.* In affirming the trial court's grant of summary judgment, this Court enunciated the elements of the cause of action for retaliatory discharge for asserting benefits under the workers' compensation law. The Court stated:

> [T]he following elements are found to establish a cause of action for discharge in retaliation for asserting a workers' compensation claim: (1) The plaintiff was an employee of the defendant at the time of the injury; (2) the plaintiff made a claim against the defendant for workers' compensation benefits; (3) the defendant terminated the plaintiff's employment; and (4) the claim for workers' compensation benefits was a substantial factor in the employer's motivation to terminate the employee's employment.

*Id.* at 558.

The record shows that the employee was employed by the employer, the employee made a claim against the employer for workers' compensation benefits, and the employer terminated the employee's employment. The employer denies that the claim for workers' compensation benefits was a substantial factor in its decision to terminate the employ-

ee's employment. With regard to this issue, the Court in *Anderson* stated:

> The burden of proof rests, of course, upon the plaintiff to prove the elements of the cause of action, including a causal relationship between the claim for workers' compensation benefits and the termination of employment. Proof of discharge without evidence of a causal relationship between the claim for benefits and the discharge does not present an issue for the jury. However, proof of a causal link between the claim for benefits and the employee's discharge imposes upon the employer the burden of showing a legitimate, non-pretextual reason for the employee's discharge.

*Id.* at 558–59.

The employee insists that his discharge only three days after returning to work constitutes a *prima facie* showing that the termination of his employment was in retaliation for the assertion of a workers' compensation claim. That evidence is not sufficient. Even in the quote from Larson's treatise on Workers' Compensation Law relied upon by the employee, proximity in time without evidence of satisfactory job performance does not make a *prima facie* case. 2A Arthur Larson, *The Law of Workmen's Compensation,* § 68.36(c), p. 13–318 (1994).

The record contains no material evidence that the employee's assertion of a claim for workers' compensation benefits was a substantial factor in the termination of his employment. Consequently, the employer is entitled to a directed verdict.

The judgment of the Court of Appeals is affirmed.

Costs are taxed against the appellant, Eric Conatser.

ANDERSON, C.J., and DROWOTA, BIRCH and WHITE, JJ., concur.

discharge, see *Reynolds v. Ozark Motor Lines, Inc.,* 887 S.W.2d 822, 823–24 (Tenn.1994).