IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
February 22, 2006 Session

## ANTHONY FRANKLIN v. SWIFT TRANSPORTATION CO., INC.

**A Direct Appeal from the Circuit Court for Shelby County**
**No. CT-006832-02      The Honorable Kay S. Robilio, Judge**

---

**No. W2005-01062-COA-R3-CV - Filed July 12, 2006**

---

W. FRANK CRAWFORD, P.J., W.S.

### DISSENTING OPINION

I respectfully dissent. First, we must bear in mind that the sole issue for this Court is whether the trial court erred in not directing a verdict for Swift and in not granting Swift a judgment notwithstanding the verdict.

Directed verdicts under either Tenn. R. Civ. P. 50.01 or 50.02 are appropriate only when reasonable minds cannot differ as to the conclusions to be drawn from the evidence. *Alexander v. Armentrout,* 24 S.W.3d 267, 271 (Tenn. 2000); *Eaton v. McLain,* 891 S.W.2d 587, 590 (Tenn. 1994); *Ingram v. Earthman,* 993 S.W.2d 611, 627 (Tenn. Ct. App. 1998). A case should not be taken away from the jury, even when the facts are undisputed, if reasonable persons could draw different conclusions from the facts. *Gulf, M. & O.R. Co. v. Underwood,* 187 S.W.2d 777, 779 (Tenn. 1945); *Hurley v. Tenn. Farmers Mut. Ins. Co.,* 922 S.W.2d 887, 891 (Tenn. Ct. App. 1995). In appeals on motions for a directed verdict, the reviewing courts do not weigh the evidence, *Conatser v. Clarksville Coca-Cola Bottling Co.,* 920 S.W.2d 646, 647 (Tenn. 1995); *Benton v. Snyder,* 825 S.W.2d 409, 413 (Tenn. 1992), or evaluate the credibility of the witnesses. *Benson v. Tenn. Valley Elec. Coop.,* 868 S.W.2d 630, 638-39 (Tenn. Ct. App. 1993). Instead, they review the evidence in the light most favorable to the motion's opponent, give the motion's opponent the benefit of all reasonable inferences, and disregard all evidence contrary to that party's position. *Alexander v. Armentrout,* 24 S.W.3d at 271; *Eaton v. McLain,* 891 S.W.2d at 590; *Smith v. Bridgestone/Firestone, Inc.,* 2 S.W.3d 197, 199 (Tenn. Ct. App. 1999). The court must discard all countervailing evidence, and if there is then any dispute as to any material fact, or any doubt as to the conclusions to be drawn from the whole evidence, the motion must be denied. *See Conatser v. Clarksville Coca-Cola Bottling Co.,* 920 S.W.2d at 647; *Hurley v. Tennessee Farmers Mut. Ins. Co.,* 922 S.W.2d at 891.

Similarly, a post-trial motion for the entry of judgment in accordance with a motion for a directed verdict made during the trial must be gauged by the usual rules relating to directed verdicts.

Again, those rules require that the trial judge, and the appellate courts, take the strongest legitimate view of the evidence in favor of the opponent of the motion, allow all reasonable inferences in his or her favor, discard all countervailing evidence, and deny the motion where there is any doubt as to the conclusions to be drawn from the whole evidence. A verdict should not be directed during, or after, trial except where a reasonable mind could draw but one conclusion. *Holmes v. Wilson,* 551 S.W.2d 682, 685 (Tenn. 1977) (citing *Vaughan v. Shelton,* 514 S.W.2d 870, 874 (Tenn. Ct. App. 1974); *Keller v. East Tennessee Production Credit Ass'n,* 501 S.W.2d 810, 812 (Tenn. Ct. App. 1973)).

The retaliatory discharge cause of action provides an exception to the employment-at-will doctrine, a doctrine which is firmly and historically embedded in this state. *Guy v. Mutual of Omaha Ins. Co.,* 79 S.W.3d 528, 535 (Tenn. 2002). An employee-at-will may be terminated for good cause, bad cause, or for no cause at all. *Id.; see also, Mason v. Seaton,* 942 S.W.2d 470, 474 (Tenn. 1997). In 1984, the Tennessee Supreme Court restricted the application of the employment-at-will doctrine in situations where an employee was terminated in contravention of a well-established public policy. *Id.* (citing *Clanton v. Cain Sloan,* 677 S.W.2d 441, 444-45 (Tenn. 1984)). The objective of the exception was, and remains, to sanction employers who terminate employees in retaliation for the employee's refusal to assist in the perpetuation of illegal activities or activities which contravene a clear, certain, unambiguous public policy of this state as "evidenced by an unambiguous constitutional, statutory or regulatory provision," whether such assistance be by active participation or by silence. *Id.* The purpose of the cause of action is to "encourage the employee to protect the public interest." *Crews v. Buckman Labs., Int'l,* 78 S.W.3d 852, 860 (Tenn. 2002). T.C.A. § 50-1-304 evidences the public policy of this state that at-will employees may not be discharged solely for reporting or refusing to participate in activities which violate the laws, regulations and rules of this state or the United States. *Mason,* 942 S.W.2d at 475. This exception to the employment-at-will doctrine is a narrow one, however, and is applicable only in "limited circumstances, [where] certain well-defined, unambiguous principles of public policy confer upon employees implicit rights which must not be circumscribed or chilled by the potential of termination." *Stein v. Davidson Hotel,* 945 S.W.2d 714, 717 (Tenn. 1997). Inherent in the underlying philosophy of the retaliatory discharge cause of action is that at-will employees should not be placed in the moral, ethical and legal dilemma of being forced to choose between reporting or participating in illegal activities and keeping their jobs. *See Griggs v. Coca-Cola Employees' Credit Union,* 909 F.Supp. 1059, 1064 (E.D.Tenn. 1995); *Henderson v. Corrections Corp. of America,* 918 F.Supp. 204, 210 (E.D.Tenn. 1996).

The majority opinion correctly states that the substantive issue to be decided is whether Franklin can sustain a cause of action for retaliatory discharge for his refusal to drive Swift's truck with only a photocopy of the IRP cab card. He asserts claims for retaliatory discharge under both the common law and the Tennessee Public Protection Act. The Tennessee Public Protection Act provides in pertinent part:

> (a) No employee shall be discharged or terminated solely for refusing to participate in, or for refusing to remain silent about, illegal activities.

-2-

       *      *      *

> (c) As used in this section, "illegal activities" means activities that are in violation of the criminal or civil code of this state or the United States or any regulation intended to protect the public health, safety or welfare.

T.C.A. § 50-1-304.

   For Plaintiff to prevail under the Tennessee Public Protection Act, he or she must establish: (1) his status as an employee of the defendant; (2) his refusal to participate in, or remain silent about, illegal activities; (3) his termination; and (4) an exclusive causal relationship between his refusal to participate in or remain silent about illegal activities and his termination by the employer. T.C.A. § 50-1-304. The elements required in order to prove a common law retaliatory discharge claim are similar: (1) that an employment-at-will relationship existed; (2) that he was discharged; (3) that the reason for his discharge was that he attempted to exercise a statutory or constitutional right, or for any other reason which violates a clear public policy evidenced by an unambiguous constitutional, statutory, or regulatory provision; and (4) that a substantial factor in the employer's decision to discharge him was his exercise of protected rights or compliance with clear public policy. ***Crews v. Buckman Laboratories Int'l, Inc.,*** 78 S.W.3d 852, 862 (Tenn. 2002). The primary difference between the statutory cause of action and the common law cause of action is the employee's activity, whistle blowing or refusing to participate in unlawful activities, must be the sole reason for the discharge under the statute, while under common law cause of action, the employee's action must merely be a substantial factor in bringing about the discharge. ***Guy v. Mutual of Omaha Ins. Co.,*** 79 S.W.3d 528, 537 (Tenn. 2002).

   In the instant case, it is undisputed that Franklin was an employer of Swift and that he was discharged from his employment. The jury found as a fact that he was discharged because he refused to drive the furnished truck because it did not have the original IRP cab card in the vehicle. The IRP cab card shows that the vehicle is properly registered to operate in multiple jurisdictions.

   A commercial vehicle, such as is involved in the instant case, must be licensed and registered to operate in the State of Tennessee. T.C.A. § 55-4-108 (a) states that a certificate of registration must be carried in the vehicle, but the statute also provides that the owner of the vehicle have either the original certificate of registration or a copy of it. T.C.A. § 55-4-108 (a) (1998). As opposed to that, however, the Tennessee Department of Safety provides by regulation that the required proof of registration under the International Registration Plan (IRP) is a "cab card and certificate of registration for each vehicle so proportionally registered." Tennessee Department of Safety Rule 1340-5-2-01. The regulations address the proof of registration to be carried in the vehicle: 1340-5-2-02, Placement of Card:

> For a vehicle proportionally registered, it is required that the ***original*** of the cab card be in the cab of the vehicle during its operation.

Emphasis supplied.

Franklin testified that after an incident in a weigh station in Kansas, he spoke with Dora Griffin, the head of Swift's permit department, and she stressed to him that the original cab card should remain in the truck, because the other state officers did not have to accept a copy. His failure to have the original cab card could subject him to fines and penalties. Griffin, who had been in charge of Swift's permit department for over ten years, testified at trial that it was not legal to run in any state without a cab card and that it must be original, because copies were not legal. Franklin further testified without dispute that it was his belief that he would be breaking the law if he operated the truck furnished to him without the original IRP cab card.

The statements made to Franklin by the long-term person in charge of the permit department supported by that person's testimony at trial certainly gives credence to Franklin's assertion that he had reasonable cause to believe his operating the truck without the original cab card would be a violation of the law. In *Mason v. Seaton*, 942 S.W.2d 470 (Tenn. 1997), our Supreme Court noted, in dealing with an alleged whistle blower, that "the statute's protection extends to employees who have reasonable cause to believe a law, regulation, or rule has been violated or will be violated, and in good faith report it." *Id.* at 472.

The statute regarding registration of commercial vehicles, allows for a copy of the registration certificate to be in the vehicle in lieu of the original. However, unlike the certificate of registration, the Department pf Safety regulation specifically requires that the original IRP cab card be in the vehicle during operation and it would appear that the Tennessee Department of Safety had a valid reason for enacting such a regulation. This is certainly true, with no proof from the employer that the regulation had no basis whatsoever.

I submit that it is a clear and unambiguous public policy in Tennessee that an employee be able to refuse to participate in an illegal activity in the workplace. In Tennessee, a regulation promulgated pursuant to statutory directive has the force and effect of law. *See Swift v. Campbell*, 159 S.W.3d 565, 571-2 (Tenn. 2004) (administrative rules and regulations have the force and effect of law in the State of Tennessee). It is the purview of the legislature and not of this Court to establish the public policy of this state. In allowing an employer to discharge an employee who refused to willfully violate a regulation promulgated by the Tennessee Department of Safety would undermine the power and responsibilities vested in the legislature and the rule making authority. Taking the strongest legitimate view of the evidence in the record in favor of Mr. Franklin, I find that the elements required in a cause of action at both common law and statutory retaliatory discharge are present in this case.

I would affirm the judgment on the jury verdict for the Plaintiff, Franklin.

_____
W. FRANK CRAWFORD, PRESIDING
JUDGE, W.S.

-4-