KAREN NELSON MOORE, Circuit Judge,
dissenting.
I am writing in dissent because I think that the majority opinion fails to review the grant of summary judgment in accordance with the established Tennessee law that Jasper Ellis (“Ellis”) has the burden to prove only that retaliation constituted a “substantial” factor in his discharge. Under the appropriate standard, I believe that Ellis has created a genuine issue of material fact regarding whether Buzzi terminated him in retaliation for his filing of a workers’ compensation claim.
In Anderson v. Standard Register Co., 857 S.W.2d 555 (Tenn.1993), the Tennessee Supreme Court held that to establish “a cause of action for discharge in retaliation for asserting a workers’ compensation claim,” a plaintiff must prove that “the claim for workers’ compensation benefits was a substantial factor in the employer’s motivation to terminate the employee’s employment.” Id. at 558. The Tennessee Supreme Court explained that the most stringent test applied by other state courts requires plaintiffs to prove that retaliation constitutes the “ ‘sole’ or ‘exclusive’ factor motivating their discharge.” Id. The “determinative factor” test applied by additional state courts requires an intermediate degree of proof: that plaintiffs show “but for” causation. Id. The “substantial factor” test adopted by Tennessee is still more lenient to plaintiffs, requiring only “proof that filing the workers’ compensation claim constituted an important or significant motivating factor for the discharge.” Id.
I believe that, although the majority cites the language of Anderson, the majority nonetheless fails to adhere to the “substantial factor” test, which requires a finding on behalf of a plaintiff if retaliation featured significantly, even if not decisively, in an employer’s motivations. The majority reviews the evidence produced by Ellis with an eye toward assessing whether it is sufficient to create a genuine issue of material fact as to whether retaliation constituted the sole or determinative factor motivating Ellis’s discharge and not whether it constituted “an important or significant motivating factor.” Id.
Our inquiry should therefore be whether Ellis has created a genuine issue of material fact that his workers’ compensation claim was a substantial factor motivating his discharge. I think that the temporal proximity between Ellis’s filing of his workers’ compensation claim on January 27, 2005, and his termination less than three weeks later on February 15, in combination with other circumstantial evidence, creates a genuine issue of material fact regarding the significance of retaliation as a factor in Ellis’s discharge.
The majority opinion relies on two cases to discount Ellis’s temporal proximity argument: Newcomb v. Kohler Co., 222 S.W.3d 368 (Tenn.Ct.App.2006), and Mor *379 ris v. Columbia Construction Co., 109 S.W.3d 314 (Tenn.Ct.App.2003). The logic of these cases does not govern the circumstances of this case. In Newcomb, the court stated that mere temporal proximity alone cannot prove retaliation, 222 S.W.3d at 391, but went on to state that the totality of the circumstantial evidence was sufficient to allow a reasonable juror to conclude that the plaintiffs filing of a workers’ compensation claim caused his discharge. Id. at 391-95. In Morris, the plaintiff produced no evidence beyond temporal proximity to show causation. 109 S.W.3d at 317. The instant case is analogous to Newcomb and distinguishable from Morris in that Ellis has coupled evidence of temporal proximity with other circumstantial evidence supporting an inference that retaliation motivated his discharge.
Furthermore, in the context of the Tennessee Human Rights Act (“THRA”), the Tennessee Supreme Court has recently held that “a close temporal proximity” between the plaintiffs protected action and the employer’s allegedly retaliatory adverse employment action “is sufficient to allow a reasonable jury to conclude that [the plaintiff] has established a prima facie case of discrimination.” Allen v. McPhee, 240 S.W.3d 803, 823 (Tenn.2007). That the Tennessee Supreme Court has recognized temporal proximity as a valid and disposi-tive form of circumstantial evidence of retaliation with respect to a plaintiff’s prima facie case suggests that that court might also consider temporal proximity to be persuasive, though not necessarily disposi-tive, circumstantial evidence establishing pretext.[3]
In addition to the temporal proximity between Ellis’s workers’ compensation claim and his discharge, Ellis has produced sufficient circumstantial evidence to show that retaliation was a substantial factor motivating his discharge. I agree with the majority that the offer of disability retirement benefits in exchange for a waiver of the right to workers’ compensation does not constitute direct evidence. The offer nonetheless serves as circumstantial evidence of Buzzi’s reluctance to grant Ellis workers’ compensation benefits. Ellis has also produced evidence regarding the prior existence of a safety policy that encouraged employees to obtain assistance when *380 lifting more than fifty pounds. When viewed in the light most favorable to Ellis, this evidence further contributes to the creation of a genuine issue of material fact regarding whether retaliation motivated Ellis’s discharge.
I think that Ellis’s evidence of temporal proximity, Buzzi’s offer of retirement disability benefits in exchange for a waiver of Ellis’s workers’ compensation rights, and the existence of a prior safety policy are sufficient to create a genuine issue of material fact that Buzzi’s proffered nonretali-atory reason for Ellis’s discharge is pre-textual. “Summary judgment should be granted only when the facts and inferences drawn from those facts permit a reasonable person to reach only one conclusion.” Guy v. Mutual of Omaha Ins. Co., 79 S.W.3d 528, 534 (Tenn.2002). A reasonable person might reach several different conclusions in this case regarding the role of a retaliatory motive in Ellis’s discharge. I would therefore reverse the district court’s grant of summary judgment to Buzzi.

. The majority suggests that our reliance on Allen is misplaced in light of the Tennessee Supreme Court’s prior decision in Conatser v. Clarksville Coca-Cola Bottling Co., 920 S.W.2d 646 (Tenn. 1995). The holding in Conatser that temporal proximity without other evidence of causation cannot establish a prima facie case, id. at 648, is not reconcilable with the holding in Allen that temporal proximity is sufficient to establish a prima facie case, 240 S.W.3d at 823. We should not resolve this dilemma, however, by ignoring the Tennessee Supreme Court’s decision in Allen. Close examination of Allen reveals that the Tennessee Supreme Court adopted a new position in recognition of a recent doctrinal trend, citing five federal circuit court opinions that all issued after the earlier decision in Conatser. The Tennessee Supreme Court explained in Allen:
A majority of circuits have held that proof of close temporal proximity alone can establish causation, at least for purposes of stating a prima facie case. McGowan v. City of Eufala, 472 F.3d 736, 744 (10th Cir.2006); Treglia[v. Town of Manlius], 313 F.3d [713,] 720 [(2d Cir.2002)]; Sweeney v. West, 149 F.3d 550, 557 (7th Cir. 1998); Swanson v. Gen. Servs. Admin., 110 F.3d 1180, 1188 (5th Cir. 1997); Fennell v. First Step Designs, Ltd., 83 F.3d 526, 535 (1st Cir. 1996); but see Michael v. Caterpillar Fin. Servs. Corp., 496 F.3d 584, 596 (6th Cir.2007). We adopt the majority rule and hold that close temporal proximity of a complaint and a materially adverse action are sufficient to establish a prima facie case of causation.
Allen, 240 S.W.3d at 823. I think the only reasonable conclusion is that Allen overturned Conatser’s holding regarding temporal proximity.